NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-961

VIVIAN E. ARCENEAUX
VERSUS
SEAN ARCENEAUX

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2003-0690
HONORABLE PHYLLIS M. KEATY, DISTRICT JUDGE

**********
**OSWALD A. DECUIR**
**JUDGE**
**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Billy H. Ezell, Judges.

**STAY DENIED.**
**APPEAL DISMISSED IN PART; APPEAL MAINTAINED IN PART.**

**Christine M. Mire**
**202 West Main Street**
**Lafayette, LA 70501**
**(337) 706-7460**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Vivian Eggleston Arceneaux**

**Randall L. Guidry**
**Post Office Box 3828**
**Lafayette, LA 70502-3828**
**(33) 233-8800**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Sean Arceneaux**

**DECUIR, Judge.**

This court issued a rule to show cause ordering the plaintiff-appellant, Vivian Eggleston Arceneaux, to show cause why her appeal in this child custody case should not be dismissed as being moot. The appellant has filed her response brief and has also requested a stay of trial court proceedings. For the following reasons, we dismiss this appeal in part and maintain this appeal in part.

In 2006 the parties entered into a joint custody implementation plan wherein the plaintiff was named the domiciliary parent of the three minor children and defendant was awarded visitation every other weekend. On May 18, 2010, the defendant filed a motion for immediate temporary custody, and the trial court granted the ex parte order on the same day. The court further ordered that the parties appear for hearing on May 20, 2010, and that plaintiff would have no visitation until the hearing. On May 20, 2010, the court held a hearing on the defendant's rule to decrease child support, and the court granted judgment in accordance with the hearing officer's recommendations due to the failure of the plaintiff to appear.

Also on May 20, 2010, the court, on its own motion, reset the hearing on the motion for temporary custody for May 24, 2010. The hearing was re-set again by the court's own motion to June 8, 2010, with permanent custody to be heard on July 9, 2010. In the meantime, plaintiff filed a rule to show cause why custody should not be returned to her. Ultimately, the trial court held a hearing on August 4 and 5, 2010, on the defendant's motion for a permanent change of custody and the plaintiff's motion to return domiciliary status to her. The trial court signed a judgment dated September 8, 2010, which awarded

1

custody in favor of the defendant father by continuing joint custody and changing the domiciliary parent to the defendant while awarding the plaintiff only supervised visitation.

In her appellant brief, the plaintiff is seeking review of the trial court's ex parte order of custody entered by the trial court on May 18, 2010. The plaintiff argues that the trial court's order was null and void because the defendant's pleading failed to comply with the requirements of La.Code Civ.P. art. 3945 and also because she did not receive notice or was not afforded a right to be heard. The plaintiff further contends that the trial court erred when it heard the rule for permanent custody before ever holding a hearing on the court's ex parte order for temporary custody. Lastly, the plaintiff avers that the trial court erred in entering a judgment reducing the defendant's child support without proper notice.

The ex parte judgment of temporary custody about which plaintiff complains has been rendered moot by the trial court's subsequent judgment on permanent custody. Therefore, the propriety of the trial court's action in granting the ex parte order for temporary custody will not be considered by this reviewing court. However, the judgment reducing the defendant's child support is reviewable on appeal. La.Code Civ.P. art. 3943.

For the reasons assigned, the appeal from the judgment on temporary custody is dismissed. As to the judgment reducing child support, the appeal is maintained. In addition, we deny the appellant's request that this court grant a stay of trial court proceedings pending this court's ruling on the merits of her appeal.

2

**STAY DENIED.**
**APPEAL DISMISSED IN PART; APPEAL MAINTAINED IN PART.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.